# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00248-MR-DSC

| | |
|---|---|
| TD BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CARLAND TRACTOR AND EQUIP., ) | |
| INC., ANTHONY E. CARLAND, MAX ) | |
| LOWE CARLAND JR., and ELLEN C. ) | |
| CARLAND, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment against Defendant Carland Tractor and Equip., Inc. [Doc. 27] and the Plaintiff's Motion for Default Judgment against Defendant Anthony E. Carland [Doc. 28].

The Plaintiff initiated this action on November 9, 2015 against the Defendants Carland Tractor and Equip., Inc., Anthony E. Carland, Max Lowe Carland Jr., and Ellen C. Carland. [Doc. 1]. Defendants Max Lowe Carland Jr. and Ellen C. Carland filed an Answer and Counterclaim on January 6, 2016. [Doc. 13]. On January 26, 2016, the Clerk made entries of default against the Defendants Carland Tractor and Equip., Inc. and Anthony E.

Carland. [Docs. 20, 21]. The Plaintiff now seeks the entry of a default judgment against the Carland Tractor and Equip., Inc. and Anthony E. Carland. [Docs. 27, 28].

The Plaintiff's Motions for Default Judgment are premature at this time. It is well-established that "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2690 (3d ed. 2008). This rule is equally applicable beyond the context of joint and several liability to "situations in which several defendants have closely related defenses." Id.; see also United States ex rel. Hudson v. Peerless Ins. Co., 374 F.2d 942, 944-45 (4th Cir.1967).

In the present case, the Plaintiff asserts that the Defendants are jointly and severally liable to the Plaintiff for the unpaid balance on a promissory note. To permit the entry of a default judgment against Carland Tractor and Equip., Inc. and Anthony E. Carland now would create the potential for inconsistent results at the conclusion of the case. Thus, the appropriate procedure for the Plaintiff to follow is to await a final ruling on the merits as to the remaining Defendants before seeking the entry of a default judgment

2

against these Defendants. See, e.g., Scottsdale Ins. Co. v. Dennis Ins. Group, Inc., No. 3:08-cv-00173-FDW, 2009 WL 81213, at *1 (W.D.N.C. Jan. 9, 2009) (Whitney, J.).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Default Judgment against Defendant Carland Tractor and Equip., Inc. [Doc. 27] and the Plaintiff's Motion for Default Judgment against Defendant Anthony E. Carland [Doc. 28] are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: May 13, 2016

Martin Reidinger
United States District Judge